UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE SMITH (#313084)                                CIVIL ACTION NO.

VERSUS                                                              21-694-JWD-SDJ

JOHN BEL EDWARDS, ET AL.

# ORDER

Before the Court is a "Motion for Reassignment"[1] filed by Plaintiff Theordore Smith, who is representing himself and who is confined at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. The Court interprets the Motion as seeking recusal of the undersigned and Judge John deGravelles.[2] As a basis for recusal, Smith notes that he has had trouble communicating with the United States Marshals Service regarding service, with serving summons on all Defendants, and with the time this matter is taking.[3] He interprets these troubles ad indicating that the Court is assisting Defendants by not serving them.[4]

A motion to recuse is committed to the broad discretion of the targeted judge[5] to determine whether disqualification is appropriate.[6] A judge is presumed to be qualified to preside over a case,[7] so a movant seeking disqualification bears the burden of proving that a judge is not qualified by clear and convincing evidence.[8]

---

[1] R. Doc. 21.
[2] Smith did not specify whether he seeks recusal of the undersigned or Judge deGravelles.
[3] R. Doc. 21.
[4] R. Doc. 21, p. 3.
[5] *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999).
[6] *See, e.g., United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996), citing *Matter of Hipp, Inc*., 5 F.3d 109, 116 (5th Cir.1993).
[7] *In re Wilborn*, 401 B.R. 848, 860 (Bankr. S.D. Tex. 2009), citing *In re Betts*, 143 B.R. 1016, 1022 (Bankr. N.D.Ill.1992) (citing *Idaho v. Freeman*, 478 F.Supp. 33 (D. Idaho 1979)).
[8] *See Kinnear–Weed Corp. v. Humble Oil & Refining Co*., 441 F.2d 631, 634 (5th Cir.1971), *superseded by statute*, 28 U.S.C. § 455 (1974), as stated in *Aronson v. Brown*, 14 F.3d 1578, 1582-83 (Fed. Cir. 1994) (noting that § 455 was amended in 1974 to, among other things, "omit[] the phrase 'in his opinion', in order to eliminate the subjective standard.").

Two statutes govern recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455.[9] § 144 states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Some courts have held that a *pro se* litigant may not obtain disqualification of a judge under § 144 because a *pro se* litigant cannot meet the plain language of the statute requiring "a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in good faith."[10] Even if Smith, who is representing himself, could proceed under § 144, he has not met the procedural requirements of that provision as he has not submitted an affidavit stating the facts and reasons for the belief that bias or prejudice exists (nor is the Motion made under penalty of perjury).[11] Regardless, the allegations in his Motion are not sufficient to establish personal bias or prejudice, as more fully explained below in relation to § 455.

§ 455 reads, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a

---

[9] *K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, Civ. Action No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017).
[10] *See, e.g., Gibson v. Gusman,* No. 14-2273, 2014 WL 6469507, at *3 (E.D. La. Nov. 17, 2014), citing *Robinson v. Gregory*, 929 F.Supp. 334, 337-38 (S.D. Ind. 1996).
[11] "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003), citing *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir.1990).

> personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."

While § 455 does not contain the same procedural requirements as § 144, recusal under § 455 is unwarranted in this matter.

In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one. A party seeking recusal must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the judge's impartiality.[12] This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges."[13] Also, a § 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[14]

Smith has failed to provide any specific facts that would lead a reasonable and objective person to question the undersigned's impartiality or to demonstrate any personal bias as to either judge assigned to his case. To the extent Smith's Motion is based on the fact that the case is not proceeding at the pace he feels is appropriate or that he has had some troubles with service, that is also not a basis for recusal.[15] While Smith is understandably anxious for his case to proceed, the fact that screening has not been accomplished yet is certainly not sufficient evidence of bias or impartiality. After carefully reviewing the matter, Smith has failed to provide sufficient factual support for his allegation of any personal bias or prejudice on the part of either assigned judge. Accordingly,

---

[12] *Patterson*, 335 F.3d at 484; *U.S. v. Spears*, No. 09-19, 2012 WL 112985, at *2 (M.D. La. Jan. 12, 2012).
[13] *Capizzo v. State*, No. 99-138, 1999 WL 539439, at * 1 (E.D. La. July 22, 1999).
[14] *Spears*, 2012 WL 112985 at * 2.
[15] Considering the complexity of this action and the problems Smith has had with service, he may find that requesting counsel is warranted.

**IT IS ORDERED** that the Motion for Reassignment,[16] filed by Plaintiff Theodore Smith, is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 13, 2023.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Doc. 21.