UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**THEODORE SMITH (#313084)**  CIVIL ACTION NO.

**VERSUS**  21-694-JWD-SDJ

**JOHN BEL EDWARDS, ET AL.**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 14, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE SMITH (#313084)                                CIVIL ACTION NO.

VERSUS                                                              21-694-JWD-SDJ

JOHN BEL EDWARDS, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Plaintiff Theodore Smith. Pursuant to the screening mandated by 28 U.S.C. § 1915A and authorized by 28 U.S.C. § 1915(e), it is recommended that this action be dismissed with prejudice as legally frivolous and for failure to state a claim due to Smith's failure to properly exhaust administrative remedies as required by 42 U.S.C. § 1997e.

### I. Background

Smith, who is representing himself and is confined at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, instituted this action on or about November 24, 2021, against a multitude of Defendants claiming violations of his First and Fourteenth Amendment rights, as well as violations of the Religious Land Use and Institutionalized Persons Act.[1] Smith seeks monetary, injunctive, and declaratory relief.[2]

### II. Law & Analysis

#### a. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or

---

[1] R. Doc. 1.
[2] R. Doc. 1, pp. 16-19.

claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[3] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. A § 1915 dismissal may be made before or after service of process and before or after an answer is filed.[4]

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also

---

[3] §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Smith was granted permission to proceed *in forma pauperis* (R. Doc. 3), so both statutes apply.
[4] 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time…."); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). The Court originally ordered service in this case. Some Defendants have been served, others have not, and no responsive pleadings have been filed. Upon further review, the Court has determined it is appropriate to dismiss this case pursuant to 28 U.S.C. §§ 1915(e) and 1915A, so no responsive pleadings are required.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*
[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### b. Smith Failed to Properly Exhaust Administrative Grievances

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[13] The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in federal court.[14] When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted.[15] Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."[16] However, a district court may dismiss a case for failure to state a claim on its own motion, based on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."[17]

Exhaustion requires compliance with the agency's deadlines and other critical procedural rules.[18] The Fifth Circuit has taken a strict approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must "exhaust available remedies properly."[19] "A prisoner cannot satisfy the exhaustion requirement 'by filing an untimely or otherwise procedurally defective administrative grievance or appeal.'"[20]

---

[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] 42 U.S.C. § 1997e(a).
[14] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[15] *Hicks v. Garcia*, 372 Fed.Appx. 557, 558 (5th Cir. 2010).
[16] *Jones*, 549 U.S. at 216.
[17] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014).
[18] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).
[19] *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).
[20] *Johnson v. Kukua*, 342 Fed.Appx. 933, 934 (5th Cir. Aug. 20, 2009), (quoting *Woodford*, 548 U.S. at 83-84).

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure process to exhaust administrative remedies before filing suit in federal court. The ARP process is found in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate begins the ARP process by completing a request for administrative remedy or by writing a letter to the warden. An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the allowed reasons. A request rejected during the screening process cannot be appealed to the second step. If a request is accepted at the screening level, the warden must respond on a first-step response form within 40 days of receipt of the request (five days for a complaint under the Prison Rape Elimination Act). If an inmate is not satisfied with the first-step response, he may proceed to the second step of the ARP process by appealing to the Secretary of the Department of Corrections. The DOC Secretary must issue a response within 45 days from the date the second-step request is received using a second step response form. An inmate dissatisfied with the second-step response may file suit. Whether or not a second-step response is received, once ninety days have passed from the date the inmate begins the ARP process, unless an extension has been granted, the inmate may file suit.

On page 16 of the Complaint, Smith states that he filed three grievances regarding the issues in this action: the first was rejected as too lengthy; the second was rejected as unclear, too general, and duplicative; and though Smith submitted a third grievance, he did not receive a response within forty days.[21] The rejected grievances do not satisfy the exhaustion requirement.[22]

---

[21] R. Doc. 1, p. 16. These statements were made by Smith unprompted by the Court, and the failure to exhaust is evident from the face of the Complaint. *See Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (exhaustion is an affirmative defense, so a prisoner's complaint may only be dismissed prior to a responsive pleading being filed if the failure to exhaust is evident from the face of the complaint and recognizing that district courts cannot circumvent this rule by requiring the plaintiff to affirmatively plead exhaustion). Here, the statements by Smith regarding the steps he took in the administrative remedy proceedings were made in the body of his complaint, not in response to questioning from the Court. R. Doc. 1, p. 16.

[22] *See Ancar v. LeBlanc*, No. 17-913, 2021 WL 2482694, at *3 (M.D. La. June 17, 2021) (dismissing action for failure to exhaust when plaintiff proceeded directly to this Court after his grievance was rejected at the first step).

Regarding the third grievance, when Smith did not receive a response within the timeframe allotted for providing a first step response, he proceeded directly to this Court instead of proceeding to the second step.[23] Rather than proceeding directly to this Court, the proper action would have been for Smith to proceed to the second step after the time for a response at the first step had elapsed.[24] Because Smith proceeded directly to this Court instead of to the second step when the time expired for a response at the first step, his Complaint is subject to dismissal as unexhausted.[25] Though Smith states that he proceeded to this Court because he could not remember the rules for proceeding to the second step and was unable to go to the library, "ignorance of…the procedure for seeking a remedy, does not ordinarily excuse the failure to exhaust."[26] Thus, Smith's failure to exhaust is not excused. Further, dismissal *with* prejudice is appropriate.[27]

---

[23] R. Doc. 1, p. 16.
[24] La. Admin. Code, Title 22, Part I, § 325(J)(1)(c) ("expiration of response time limits shall entitle the offender to move on to the next step in the process.").
[25] *Ancar v. LeBlanc*, No. 17-913, 2021 WL 2482694, at *3 (M.D. La. June 17, 2021) (dismissing action for failure to exhaust when plaintiff proceeded directly to this Court after his grievance was rejected at the first step).
[26] *Jiles v. Pace*, No. 19-672, 2020 WL 7770904, at *2 (S.D. Miss. Dec. 30, 2020) (quoting *McCray v. Fryer*, No. 11-1349, 2014 WL 4354537, at *3 (W.D. La. Sept. 2, 2014)).
[27] *Id.*, at *4 ("While failure to exhaust administrative remedies usually results in a dismissal without prejudice, when exhaustion is no longer available dismissal may be with prejudice."). Any grievance Smith would now file on the issues complained of in this action would be untimely, as more than 90 days has elapsed since the incidents complained of herein. *See* La. Admin. Code, Title 22, Part I, § 325(G) (grievances must be filed within a 90-day period after the incident occurred). Smith's Complaint also appears to be subject to dismissal on the merits because, though lengthy, his statements are largely conclusory, and he fails to even describe basic elements of his claims, such as what sincerely held religious belief prevented him from being vaccinated against COVID-19. *See Holt v. Hobbs*, 574 U.S. 352, 361 (2015) (plaintiff has the burden to prove the relevant exercise of religion is grounded in a sincerely held religious belief). Though it may have been appropriate to allow Smith an opportunity to amend to better state his claims on the merits, leave to amend is unnecessary since amendment would be futile as Smith cannot correct his failure to exhaust administrative remedies prior to filing suit through an amendment, and it is clear from the face of the Complaint that he did not properly exhaust administrative remedies prior to filing this action. *See Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).

**RECOMMENDATION**

**IT IS RECOMMENDED** that this action be **DISMISSED WITH[28] PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A due to Plaintiff's failure to exhaust administrative remedies before filing suit in this Court, as required by 42 U.S.C. § 1997e.[29]

**ORDER**

Considering the foregoing recommendation, **IT IS ORDERED** that the Motion for Appointment of Counsel[30] filed by Plaintiff Theodore Smith is **DENIED**, without prejudice to re-urging should the above recommendation not be adopted.

Signed in Baton Rouge, Louisiana, on February 14, 2024.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] *Id.*
[29] Smith is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.
[30] R. Doc. 38.